**UNITED STATES of America**

v.

**Vincent AMADIOHA, Appellant**

**No. 00–2610.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 6, 2002.

Filed June 20, 2002.

Before SLOVITER, NYGAARD and BARRY, Circuit Judges.

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Vincent Amadioha, who was convicted of conspiracy to import narcotics in violation of 21 U.S.C. §§ 952(a), 963, and possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, appeals from the judgment of conviction and sentence. On August 25, 2000, Amadioha was sentenced to 121 months for each count, to be served concurrently. Because we write only for the parties, we need not recite the familiar factual background.

Amadioha raises two issues on appeal. In the first, he contends that the District Court erred in admitting into evidence documents seized pursuant to a consent search of his car, arguing that the seizure exceeded the scope of the consent. In the second, Amadioha contends that the District Court erred in admitting evidence of four other packages, arguing that the District Court's determination violated Federal Rules of Evidence 403 and 404(b). As this is an appeal from a final judgment of a district court, we have jurisdiction under 28 U.S.C. § 1291.

### I.

Amadioha was the general manager of a Kentucky Fried Chicken in North Brunswick. U.S. Customs Agents had inspected a package addressed to Mr. Naheed at the Kentucky Fried Chicken that contained three pots that were stamped on the bottoms: "Siam Fujiware, Thailand." The pots contained 1070 grams of heroin. The agents executed a controlled delivery and, after they concluded that Makar, the assistant manager, was not the intended recipient, arranged for Makar to call Amadioha, who arrived at the KFC to retrieve the UPS package. After a brief discussion with Makar about the package, Amadioha returned to his car where he was arrested.

Amadioha gave the officers consent to search his car, and signed a "consent to search" form that states, "I further authorize [the named police officer] to remove any letters, documents, papers, materials, or other property which is considered pertinent to the investigation[.]" Supp.App. at 1. The record discloses no limitation, discussed or agreed upon by Amadioha and the officers, on the search.

At the time Amadioha gave his consent, the briefcase at issue here was located on the front passenger side seat of the car in plain view and was closed but not locked. The evidence admitted at trial, seized from the briefcase, was documentation indicating Amadioha's involvement in drug trafficking, specifically a money gram from Thailand that referenced Thailand, which is a known source country for heroin, and a Western Union money transfer order, also referencing Bangkok, Thailand. The District Court overruled defense counsel's objection to the introduction of documents found in Amadioha's briefcase, stating, "I'm satisfied that I accept [the officer's] recitation of the events that upon being arrested, the arresting officers or agents checked the vehicle of the defendant for the presence of weapons. There after obtaining [defendant's] consent to search that vehicle, [the officer] found a black briefcase on the ... front passenger seat[.]" Supp.App. at 50.

The District Court's determination that Amadioha consented to the search of his car, as well as the subsequent seizure of the briefcase within the car, including the documents within the briefcase, was not clearly erroneous. Therefore, the documents taken from within the briefcase were properly admitted at trial. A district court's determination of consent to search luggage is a finding of fact, *Schneckloth v. Bustamonte*, 412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), and is subject only to clearly erroneous review by this court. *United States v. Kim*, 27 F.3d 947, 954–55 (3d Cir.1994) (citation omitted). If an individual consents to a search, the government may undertake a search without a warrant or probable cause, and any evidence discovered during such a search may be seized and admitted at trial. *Id.* at 955; *accord Schneckloth*, 412 U.S. at 219. The scope of a suspect's consent under the Fourth Amendment is limited by the " 'objective' reasonableness" standard "what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Florida v. Jimeno*, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991).

The District Court determined that the seizure of the briefcase and the documen-

tation within it was not outside the scope of the consent search. This determination was not clearly erroneous. In *United States v. Anderson*, 859 F.2d 1171 (3d Cir. 1988), this court upheld the legality of the scope of a search in almost identical circumstances. Like the search in this case, the search of Anderson's car proceeded pursuant to a signed consent to search form that gave consent to "remove any letters[,] documents, papers, materials or other property" pertinent to the investigation. *Id.* at 1176. We affirmed the district court's ruling, stating "[p]ermission to search an automobile would be hollow indeed if it did not include permission to search its contents and component parts." *Id.* (quoting *United States v. Milhollan*, 599 F.2d 518, 527 (3d Cir.1979)).

Similarly, in this case, Amadioha testified that he consented to the officer's search of his car, and he signed a consent form virtually identical to the one signed in *Anderson*. Amadioha argues that the briefcase's nexus with the car was broken because he took it with him when he went into the KFC and carried it out with him to the car when he was arrested. However, the District Court's finding that the consent to search encompassed the briefcase, which the officers first saw within the car, is not inconsistent with *Jimeno*. We will affirm the court's denial of the motion to suppress the evidence obtained from the briefcase within Amadioha's car.

## II.

The government was permitted to introduce, over objection, evidence of four other packages containing heroin shipped into the United States that provided circumstantial evidence that Amadioha was part of a conspiracy to import heroin. The District Court overruled Amadioha's motion to exclude this evidence after it determined that the evidence was relevant. We review the District Court's decision to admit evidence for abuse of discretion. *United States v. Gibbs*, 190 F.3d 188, 217 (3d Cir.1999). If evidence of other crimes is offered as intrinsic proof of the offense charged, and not as proof of bad character,

then Rule 404(b) does not apply and the evidence is admissible. *Id.* "In cases where the incident offered is a part of the conspiracy alleged in the indictment, the evidence is admissible under Rule 404(b) because it is not an 'other' crime." *Id.* at 217–218 (quoting 22 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5239, at 450–51 (1978)).

In *Gibbs*, the defendant was charged with participation in a cocaine conspiracy and the evidence admitted was that the defendant, on two separate occasions, sent a man to kill someone. 190 F.3d at 217. We affirmed the admission of the evidence because it tended to show the defendant's use of violence to further the illegal objectives of the cocaine conspiracy. *Id.* at 218.

In this case, the District Court explained that it admitted the evidence of the four other packages because "the jury [could] circumstantially deduce that someone other than [Amadioha] sent packages to [Amadioha] and to others which contain drugs." App. at 45. The evidence admitted against Amadioha tended to show that Amadioha smuggled drugs into the country via packages sent by other persons as part of a conspiracy to import heroin into this country. Like the evidence in *Gibbs*, this evidence was not evidence of "other" crimes, and therefore not subject to Rule 404(b), because it was intrinsic to the conspiracy charge alleged. The other packages, because of the addresses used, the similarity in contents, the signatures of the persons receiving them, the overall link to Amadioha, and the tendency to prove the conspiracy alleged, were intrinsic to the conspiracy charge. They were therefore admissible.

## III.

For the reasons set forth above, we will affirm the judgment of conviction and sentence.